**IN THE UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **KATIE JOSEPH, on behalf of the Estate of KENDOLE JOSEPH, deceased, and SHERESA JACKSON, on behalf of her minor children, KEIONA B. JOSEPH and KAMORYA A. JACKSON** | ) | **Case No.** |
| | ) | **Judge** |
| | ) | **Magistrate Judge** |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| **UNKNOWN JOHN DOE POLICE OFFICERS,** | ) | **JURY DEMAND** |
| **Defendants.** | ) | |

## COMPLAINT

**NOW COME** plaintiffs Katie Joseph, on behalf of the Estate of Kendole Joseph, and Sheresa Jackson, on behalf of her minor children, Keiona B. Joseph and Kamorya A. Jackson (collectively "Plaintiffs"), by and through their attorneys, Erickson & Oppenheimer, complaining against Defendants, Unknown John Doe Police Officers (collectively "Defendant Officers"), individually, as follows:

## INTRODUCTION

**1.**

This action, arising out of the death of Kendole Joseph ("Decedent"), is brought pursuant to 42 U.S.C. §1983 to address deprivations of Decedent's rights under the Constitution of the United States.

**JURISDICTION**

**2.**

The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §§ 1983 and 1985; the Judicial Code 28 U.S.C. §§ 1331 and 1343(a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C. § 1367(a).

**VENUE**

**3.**

Venue is proper under 28 U.S.C. § 1391(b)(2), as the events described herein all occurred within this judicial district.

**THE PARTIES**

**4.**

Plaintiff Katie Joseph is the sister of Decedent, as well as the duly appointed and qualified administrator of the estate of Kendole Joseph. She is of the full age of majority.

**5.**

Defendants, Unknown John Doe Police Officers, were at all relevant times duly appointed police officers of the City of Gretna and at all relevant times were acting within their scope of employment and under the color of law. Defendants are of the full age of majority.

**6.**

Decedent, Kendole Joseph, was 27 years old at the time of his death and was a father to two minor children: Keiona B. Joseph and Kamorya Jackson. He suffered from mental illness and was in the midst of a mental health crisis when the Defendant Officers encountered him on February 7, 2017. Rather than de-escalate the situation and help Decedent, the Defendant Officers tased and beat him, leading to his death.

**7.**

Plaintiff Sheresa Jackson is the natural mother of Keiona B. Joseph and Kamorya A. Jackson, and therefore, as their natural tutor, is vested with the capacity to bring this action on their behalf.

## FACTS

**8.**

On or about February 7, 2017, Decedent was in the area of the Save A Dollar Food Store located at or about 2742 Claire Avenue in Gretna, Louisiana.

**9.**

The Defendant Officers arrived in the area in response to a call and encountered Decedent.

**10.**

Decedent was not committing and had not committed any crimes.

**11.**

The Defendant Officers arrested Decedent without probable cause.

**12.**

Without lawful justification or excuse, one or more of the Defendant Officers tased and struck Decedent, causing him to sustain severe physical injuries.

**13.**

The other Defendant Officers were present for and observed this use of force, but failed to take any action to intervene, despite having a reasonable opportunity to do so.

**14.**

Said actions of the Defendant Officers were intentional, willful and wanton, and/or

committed with reckless indifference and disregard for Decedent's rights.

**15.**

Said actions of the Defendant Officers were objectively unreasonable under the circumstances.

**16.**

After Decedent was taken into custody, he was transported to a hospital where he died from his injuries on or about February 9, 2017.

**COUNT I–FALSE ARREST (Section 1983)**

**17.**

Plaintiffs hereby incorporate all previous paragraphs as though fully set forth herein.

**18.**

As described above, the Defendant Officers detained and arrested Decedent without justification and without probable cause, thus violating his rights under the United States Constitution.

**19.**

Said actions of the Defendant Officers were intentional, willful and wanton, and committed with reckless disregard for Decedent's rights.

**20.**

Said actions of the Defendant Officers were objectively unreasonable under the circumstances.

**21.**

As a direct and proximate cause of the conduct of the Defendant Officers, Decedent suffered damages, including without limitation violations of his constitutional rights, loss of

liberty, emotional anxiety, fear, monetary expense, and pain and suffering.

**WHEREFORE**, Plaintiffs pray for judgment against the Defendant Officers, jointly and severally, for an award of reasonable compensatory and punitive damages, plus attorneys' fees and costs.

**COUNT II—EXCESSIVE FORCE (Section 1983)**

**22.**

Plaintiffs hereby incorporate all previous paragraphs as though fully set forth herein.

**23.**

The actions of the Defendant Officers as set forth hereto constitute excessive force against Decedent, thus violating his rights under the United States Constitution.

**24.**

As a direct and proximate consequence of the Defendant Officers' conduct, Decedent suffered damages, including without limitation violations of his constitutional rights, emotional anxiety, fear, pain and suffering, and monetary expense.

**WHEREFORE**, Plaintiffs pray for judgment against the Defendant Officers, jointly and severally, for an award of reasonable compensatory and punitive damages, plus attorneys' fees and costs.

**COUNT III– BATTERY (state law claim)**

**25.**

Plaintiffs hereby incorporate all previous paragraphs as though fully set forth herein.

**26.**

The conduct of the Defendant Officers resulted in offensive physical contact with Decedent, made without his consent, thus constituting battery under Louisiana law.

**27.**

The Defendant Officers' actions proximately caused Decedent to suffer injuries, including without limitation great bodily harm and death, as well as pain and suffering.

**WHEREFORE**, Plaintiffs pray for judgment against the Defendant Officers, jointly and severally, for an award of reasonable compensatory and punitive damages, plus costs.

**COUNT IV—WRONGFUL DEATH (state law claim)**

**28.**

Plaintiffs hereby incorporate all previous paragraphs as though fully set forth herein.

**29.**

The actions of the Defendant Officers, as set forth hereto, caused the wrongful death of Decedent, in violation of the La. Civil Code Arts. 2315, 2315.1, 2315.2, 2315.6 and 2317, as well as La. R.S. 9:2800.

**30.**

The Defendant Officers' actions proximately caused Decedent to suffer injuries, including without limitation great bodily harm and death, as well as pain and suffering.

**31.**

As a result of the Defendant Officers' conduct, Plaintiffs and the Estate have suffered injury, including without limitation incurring medical expenses, funeral/burial expenses, pain and suffering, and the loss of consortium, society, and companionship.

**WHEREFORE**, Plaintiffs pray for judgment against the Defendant Officers, jointly and severally, for an award of reasonable compensatory and punitive damages, plus costs.

**COUNT V—SURVIVAL ACTION (state law claim)**

**32.**

Plaintiffs hereby incorporate all previous paragraphs as though fully set forth herein.

**33.**

After Decedent was shot, he survived for a period of time during which he experienced conscious pain and suffering.

**WHEREFORE**, Plaintiffs pray for judgment against the Defendant Officers, jointly and severally, for an award of reasonable compensatory and punitive damages, plus costs.

**JURY DEMAND**

Plaintiffs requests a trial by jury.

**NOTICE OF ASSIGNMENT**

Please be advised that all rights relating to attorneys' fees have been assigned to counsel.

Respectfully Submitted,

**RANDALL A. SMITH (#2117)**
**DYLAN T. LEACH (#35879)**
Of
**SMITH & FAWER, L.L.C.**
201 St. Charles Avenue, Suite 3702
New Orleans, Louisiana 70170
Telephone: 504-525-2200
Facsimile: 504-525-2205
rasmith@smithfawer.com

**-and-**

**MICHAEL OPPENHEIMER**[1]
**RONAK MAISURIA**[2]
Of
**Erickson & Oppenheimer, Ltd.**
223 W. Jackson, Suite 200
Chicago, Illinois 60606
Telephone: (312) 327-3370
michael@eolawus.com
ronak@eolawus.com

***Counsel for Plaintiffs***

[1] Motion for *pro hac vice* admission is being filed contemporaneously with this *Complaint*.
[2] Motion for *pro hac vice* admission is being filed contemporaneously with this *Complaint*.